## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMANDRA HICKS, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC.,<br><br>Defendant. | Civil Action No.<br><br>17-3344 (SDW) (LDW)<br><br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter comes before the Court on a motion by defendant to dismiss for lack of personal jurisdiction and for improper venue. ECF No. 9. Plaintiff opposes the motion. ECF No. 12. United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions, oral argument before the Court, and for good cause shown, the Court recommends that defendant's motion be **GRANTED**.

### I.     BACKGROUND

This is a putative class action alleging defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") by negligently, knowingly, and/or willingly placing automated and prerecorded calls to plaintiff's cell phone. Complaint ("Compl."), ECF No. 1 ¶ 1. Plaintiff alleges defendant repeatedly placed automated calls to her cell phone using an automated telephone dialing system ("ATDS"), which is prohibited by the TCPA. *Id.* ¶¶ 15-16. Plaintiff's cell phone has an "856" area code, which is the area code assigned to portions of

southwestern New Jersey. *Id.* ¶¶ 16-17. She alleges that the area code from which defendant placed the automated call was "201," affiliated with northeastern New Jersey. *Id.* ¶ 18.[1]

Defendant is a medical insurance sales corporation incorporated in Delaware with its principal place of business in Florida. *Id.* ¶¶ 2, 11. Dan Garavuso, Vice President of defendant Health Insurance Innovations, Inc. submitted a declaration stating that defendant does not maintain any offices in New Jersey and has no physical infrastructure or ability to initiate any telephone calls from the state of New Jersey. ECF No. 9-3. Plaintiff has not meaningfully disputed that the phone calls were not placed from within the state of New Jersey.[2]

Plaintiff is a resident of Florida, and at all times relevant to the instant matter was an individual residing in Pensacola, Florida. Compl. ¶ 10. Plaintiff, therefore, received the phone calls at issue in the state of Florida.

Plaintiff states she spoke with a representative of defendant on April 17, 2017, who advised plaintiff she would be placed on a do-not-call list, and yet plaintiff has since received more than a dozen phone calls from defendant. *Id.* ¶¶ 21-23. The phone calls appear to be an attempt to reach another individual named Ocie Cosby, as defendant left a voice message on plaintiff's cell phone stating that the call was intended for "Ocie Cosby regarding a monthly payment." *Id.* ¶¶ 19, 30.

---

[1] On December 18, 2017, counsel for defendant filed a supplemental declaration, nearly three months after this motion had been fully submitted and to which plaintiff objects, stating that the phone calls could not have been placed by it from a New Jersey area code. ECF No. 20. The Court will not consider this late-submitted declaration. This is not the discovery of new evidence, but rather information that the defendant could and should have submitted earlier if it wanted the Court to consider it. At this time, however, the motion having been fully briefed for several months and the matter being *sub judice*, the Court declines to consider defendant's late proffer of this evidence.

[2] The Court notes that during oral argument, plaintiff's counsel acknowledged that they were not seeking jurisdictional discovery to further explore defendant's contacts with the State of New Jersey.

Plaintiff filed this putative class action on May 11, 2017. *See* ECF No. 1. On July 20, 2017, defendant filed the instant motion to dismiss for lack of jurisdiction and improper venue. ECF No. 9. This Court heard oral argument on November 27, 2017, and reserved decision on this motion.

## II.    DISCUSSION

Defendant moves to dismiss on the ground that this Court lacks personal jurisdiction over the corporation. While plaintiff does not assert a theory of general jurisdiction, plaintiff argues this Court has specific personal jurisdiction over defendant. *See* ECF No. 12, at 4 n.4. For the reasons set forth below, the Court recommends the District Court find that plaintiff has not met her burden to show the existence of personal jurisdiction over defendant.

### A. LEGAL STANDARD

Once a defendant contends personal jurisdiction over it is absent in the forum, plaintiff bears the burden to show by a preponderance of the evidence that personal jurisdiction exists. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). A federal court must conduct a two-step analysis to determine whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether the exercise of personal jurisdiction over the defendant comports with due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). New Jersey's long-arm statute permits exercising jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler Co. v. Telecom Equity Corp.*, 102 N.J. 460, 469 (1986) (quoting *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)). Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit

does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted).

Personal jurisdiction may be based on either general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017). General jurisdiction over a defendant exists in the forum of an individual's domicile and the forum "in which [a] corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "A court with general jurisdiction may hear *any* claim against that defendant . . . ." *Bristol-Myers*, 137 S. Ct. at 1780.[3]

Specific personal jurisdiction, on the other hand, "aris[es] out of or relate[s] to the defendant's contacts with the forum," *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984)). The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists: (1) the defendant must have "purposefully directed [its] activities at the forum"; (2) the litigation must "arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

## B. ANALYSIS

The Court must determine if defendant "purposefully directed [its] activities at the forum." In this case, defendant's activities consist of two potential contacts with the forum: (1) defendant's call to plaintiff's cell phone, which has a New Jersey area code; and (2) defendant's alleged use of a New Jersey area code to dial plaintiff's phone.

---

[3] Here, plaintiff does not argue that the Court may assert general personal jurisdiction over defendant, and therefore the Court need not reach that issue. *See* ECF No. 12 at 4 n.1.

First, defendant's call to plaintiff's cell phone number, which had a New Jersey area code, is insufficient in itself to confer jurisdiction on this Court. While defendant may have intended to contact a New Jersey resident (the record is not clear on this), the injury actually suffered by plaintiff as a result of receiving the phone calls indisputably occurred in Florida, where she was present physically when she received the calls. *See* Compl. ¶ 10. The Third Circuit holds that "contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." *O'Connor*, 496 F.3d at 317. Here, it is undisputed that plaintiff is not a citizen of New Jersey but merely maintains a cell phone with a New Jersey area code. It is further undisputed that the phone calls in question were not received in New Jersey, and plaintiff does not allege she suffered any harm in New Jersey, or indeed that she has any relationship with the forum state whatsoever.

Second, even assuming that a New Jersey area code was used by defendant to place the calls, that is insufficient in itself to create personal jurisdiction over defendant because it is undisputed that the phone calls were not actually placed from the State of New Jersey. Defendant's counsel has submitted a declaration by Dan Garavuso, the Vice President of defendant which states that Health Insurance Innovations "has no physical infrastructure or ability to initiate any telephone calls from within the State of New Jersey." ECF No. 9-3 ¶ 9. Plaintiff did not submit any contradictory evidence or request jurisdictional discovery to dispute this fact. *See Vanz, LLC v. Mattia & Assocs.*, Civ. No. 13-1392-SDW, 2014 WL 1266220, at *2 (D.N.J. Mar. 26, 2014) ("On a motion under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction.") (citations omitted).

While "[p]hysical presence within the forum is not required," *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998), to confer specific jurisdiction over a defendant, "there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *Goodyear Dunlop*, 564 U.S. at 919). Here, defendant's alleged mere use of a New Jersey area code to place a phone call from outside the forum does not constitute an actual activity or occurrence taking place in this State. Accordingly, viewing defendant's alleged contacts with this forum individually or collectively, they are insufficient to confer personal jurisdiction on this Court.

The cases plaintiff cites are not to the contrary. In each case, the plaintiff's injury physically occurred or the phone calls originated in the state of the court asserting jurisdiction, or this fact was not disputed. For example, in *Lowe v. CVS Pharmacy, Inc.*, the Northern District of Illinois found it had personal jurisdiction over the defendant when it left a voicemail on plaintiff's cell phone having an Illinois area code while plaintiff was on vacation, and plaintiff listened to the voicemail when he returned to Illinois. 233 F. Supp. 3d 636, 645 (N.D. Ill. 2017). In *Keim v. ADF MidAtlantic, LLC*, the Southern District of Florida found it had personal jurisdiction arising out of defendants "allegedly sending text messages into Florida," when the defendant did not dispute that the plaintiff received the text messages in the state of Florida. 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016). In *Fabio v. Diversified Consultants, Inc.*, the Western District of Wisconsin held that because the "telephone calls that gave rise to plaintiff's claims originated from within [the] state," the plaintiff had "shown that defendant selected Wisconsin as the staging ground for its collection calls to plaintiff, thereby purposefully availing itself of the

privilege of conducting business in this state." Civ. No. 13-cv-00524-WMC, 2014 WL 713104, at *3 (W.D. Wis. Feb. 25, 2014).

In contrast to these cases, plaintiff has failed to allege that the phone calls in question were either received in or placed from New Jersey. Accordingly, the Court cannot find that this action arises out of purposeful activity by defendant directed at this forum, and thus the exercise of personal jurisdiction over this defendant would not comport with due process.

## III.   CONCLUSION

For the foregoing reasons, the Court recommends that defendant's motion to dismiss this action (ECF No. 9) be **GRANTED**.[4]

The parties are hereby advised that, pursuant to Fed. R. Civ. P. 73(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated:  December 20, 2017

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:    Clerk of the Court
      cc:    Hon. Susan D. Wigenton, U.S.D.J.
             All Parties

---

[4] As the Court recommends defendant's motion to dismiss for lack of jurisdiction be granted, it further recommends defendant's motion to dismiss for improper venue be denied as moot.

7